B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Dan R. Childers, as Trustee of the Mercy Hospital Chapter 11 Liquidation Trust | **DEFENDANTS** <br> Johnson County Surgeon Investors LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Paula Roby of Day Rettig Martin PC, PO Box 2877, Cedar Rapids, IA 52401 <br> Alexander Wonio of Hansen, McClintock & Riley, 520 Walnut St., Des Moines, IA 50309 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> □ Debtor   □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor   ☑ Other <br> □ Trustee | **PARTY** (Check One Box Only) <br> □ Debtor   □ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor   □ Other <br> □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. §§ 548 and 550 and Iowa Code § 684

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought <br> Turnover of the avoidable transfers made. | |

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Mercy Hospital, Iowa City | | BANKRUPTCY CASE NO.<br>23-00623 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Iowa | | DIVISION OFFICE | | NAME OF JUDGE<br>Judge Collins |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF | | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Paula Roby, Counsel for Liquidating Trustee<br><br>/s/ Alexander Wonio, Counsel for Liquidating Trustee |||||
| DATE<br><br>02/28/2025 | | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Paula Roby, Counsel for Liquidating Trustee<br>Alexander Wonio, Counsel for Liquidating Trustee ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, et al.,<br><br>        Debtors. | Case No. 23-00623<br><br>Chapter 11<br><br>Jointly Administered |
| DAN R. CHILDERS, AS TRUSTEE OF THE MERCY HOSPITAL CHAPTER 11 LIQUIDATION TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>JOHNSON COUNTY SURGEON INVESTORS LLC,<br><br>        Defendant. | Adv. No.<br><br><br><br>**ADVERSARY COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 AND 550 AND IOWA CODE § 684** |

Plaintiff Dan R. Childers, as trustee of the Mercy Hospital Chapter 11 Liquidation Trust ("Liquidation Trust"), on behalf of the bankruptcy estate of Mercy Hospital, Iowa City, Iowa ("Debtor"), states for its Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 548 and 550 and Iowa Code § 684 ("Complaint") against Johnson County Surgeon Investors, LLC ("JCSI"):

## I.    NATURE OF THE CASE

1. This action is commenced pursuant to Sections 548 and 550 of Title 11 of the United States Code ("Bankruptcy Code"), and provisions of state law, to avoid and recover from the Defendant, or from any other entity or person for whose benefit the transfers were made,

certain fraudulent transfers of monies and property of the Debtor pursuant to 11 U.S.C. § 548 of the Bankruptcy Code.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction of this adversary proceeding ("Adversary Proceeding"), which arises under Title 11 and arises in and relates to the case under Title 11 pending in the United States Bankruptcy Court for the Northern District of Iowa ("Court") and captioned as In re Mercy Hospital, Iowa City, Iowa et al., Chapter 11 Case No. 23-00623 ("Bankruptcy Case") pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This Adversary Proceeding is a core proceeding to be heard by the Court under 28 U.S.C. § 157(b)(2).

4. Venue is proper in this district under 28 U.S.C. § 1409.

5. The statutory and legal bases for the relief sought are Sections 548 and 550 of the Bankruptcy Code, Iowa Code Chapter 684, and Federal Rule of Bankruptcy Procedure 7001.

## III. PROCEDURAL BACKGROUND OF THE BANKRUPTCY CASE

6. The Debtor is an Iowa non-profit corporation and was incorporated on November 5, 1935.

7. On August 7, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Court.

8. On June 7, 2024, the Court confirmed the First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation ("Plan"), which formed the Liquidation Trust to "accept all certain Debtor assets, and be authorized to obtain, collect,

2

seek the turnover of, liquidate, and collect all of the Liquidation Trust Assets not in its possession or control."

### IV. PARTIES

9. Plaintiff is a liquidation trust formed by the Plan, with its principal place of business in Linn County, Iowa.

10. The Iowa City Ambulatory Surgery Center, L.L.C. ("ICASC") is an Iowa limited liability company with its principal place of business in Johnson County, Iowa.

11. JCSI is an Iowa limited liability company with its principal place of business in Johnson County, Iowa.

### V. FACTUAL BACKGROUND

12. Debtor was established in 1935 as a local community hospital for the Iowa City, Iowa area.

13. Over the years, Debtor expanded to include several satellite locations and joint ventures with other medical providers.

14. On June 13, 2005, the Debtor and JCSI formed the Iowa City Ambulatory Surgery Center ("ICASC"), which was a joint venture between the two entities.

15. ICASC is an ambulatory surgery center, which is a facility that provides surgical services to patients who do not require hospitalization and whose expected duration of services is less than 24 hours.

16. ICASC's Operating Agreement contained a clause barring Debtor and JCSI from competing with ICASC through a different ambulatory surgery center ("Entity Non-Compete").

17. ICASC would employ physicians who made up JCSI, along with non-JCSI physicians.

3

18. Some of the physicians who made up JCSI were also employed by Steindler Orthopedic Clinic, P.L.C. ("Steindler"), which provides orthopedic surgical services in Eastern Iowa.

19. As a condition of employment with ICASC, all physicians signed a Physician Non-Competition Agreement, which restricted the ICASC physicians' right to:

> "directly or indirectly (i) own, operate, manage, finance, lease to or from, invest in any Ambulatory Surgical Center located in Johnson County, Iowa, except through the Company in accordance with this Agreement (a "Competing Enterprise"), or (ii) provide administrative, management or similar services to a Competing Enterprise ((i) and (ii) collectively, the "Non-Competition Covenant")."

("Physician Non-Compete")

20. At ICASC's formation, Debtor had a 70% ownership interest in ICASC and JCSI had a 30% ownership interest in ICASC.

21. At some point before March of 2022, Steindler determined that it would pursue opening a competing ambulatory surgery center in the Cedar Rapids, Iowa area ("Steindler ASC").

22. Operating the Steindler ASC would violate the Non-Compete that every ICASC physician signed upon beginning employment.

23. Steindler took certain actions to establish the Steindler ASC, including applying for a certificate of need with the Iowa State Health Facilities Council.

24. JCSI submitted a letter in opposition to the Steindler ASC.

25. During this time, JCSI alleged that Debtor breached some of its obligations under the ICASC Operating Agreement related to the Entity Non-Compete and the formation of the Steindler ASC.

4

26. JCSI, Debtor, and ICASC were able to resolve the dispute by entering into a Membership Interests Adjustment Agreement and Non-Competition Covenant Waiver, which contained the following terms:

   i. Adjusted Debtor's ownership interest in the ICASC from 70% to 40% on March 1, 2022, and 37.5% on March 1, 2024;

   ii. Adjusted JCSI's ownership interest in the ICASC from 30% to 60% on March 1, 2022, and 63.5% on March 1, 2024;

   iii. Required a lump sum payment of $1,000,000 by Mercy to JCSI;

   iv. Provided for ICASC's and JCSI's limited waiver of the Entity Non-Compete related to Debtor's actions supporting the Steindler ASC, in the past, present, and future, and their release of claims against Debtor;

   v. Provided for Debtor's limited waiver of any rights it had under the ICASC Operating Agreement to preclude (or require JCSI to preclude) the Steindler physicians from pursuing the Steindler ASC related to the Physician Non-Compete and their release of claims against JCSI and each JCSI physician;

   vi. Required JCSI's withdrawal of its opposition to the Steindler ASC's certificate of need for the Steindler ASC;

   vii. Provided for JCSI's and ICASC's release of Mercy and its representatives from any claims relating to the Steindler ASC; ("Transfer").

27. Debtor and ICASC also entered into a Release and Waiver of Claims in favor of individuals employed by both Steindler and JCSI, which contained releases for all claims against those individuals.

28. Upon information and belief, the Debtor was insolvent at the time of the Transfer.

5

29. As of the time of this filing, the Steindler ASC had not begun providing services to patients.

## COUNT I

### (Avoidance of Fraudulent Conveyances - 11 U.S.C. § 548(a)(1)(B) and Recovery of Fraudulent Conveyances - 11 U.S.C. § 550)

30. Plaintiff incorporates all allegations in this Complaint as if fully set forth here.

31. Subject to proof, the Transfer made to JCSI constituted a transfer for which the Debtor did not receive reasonably equivalent value in exchange and:

    a) The Debtor was insolvent on the date of the Transfer or became insolvent because of the Transfer; or

    b) The Debtor was engaged in a business transaction, or was about to engage in a business transaction, for which any property remaining with the Debtor after the Transfer was inadequate and constituted an unreasonably small remaining capital to sustain the Debtor's business activities; or

    c) The Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to satisfy as such debts matured and came due and owing.

32. Based on the foregoing allegations, the Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

33. Debtor did not receive reasonably equivalent value for the Transfer because Debtor (1) ceded the majority ownership and 32.5% of its membership interests in ICASC to JCSI; (2) paid $1,000,000 in cash to JCSI; and (3) waived claims against Steindler physicians related to their breaches of the Physician Non-Compete.

6

34. In return, the only consideration Debtor received was a waiver of claims against it related to pursuing the Steindler ASC and a waiver of the Entity Non-Compete with relation to the Steindler ASC, such that Debtor's participation in the Steindler ASC would not violate the Entity Non-Compete.

35. The Transfer did not afford Debtor with any ownership interest in the Steindler ASC or any right to use those facilities.

36. Debtor has ceased providing medical services, Debtor's bankruptcy was a liquidation, and Debtor will not be taking part in the Steindler ASC going forward.

37. JCSI is the initial transferee of the Transfer or the entity for whose benefit the Transfer was made.

38. Section 550 of the Bankruptcy Code entitles the Liquidation Trust to recover from JCSI the value of the assets provided in the Transfer, less the value that JCSI provided to the Debtor.

## COUNT II

### (Voidable Transactions - Iowa Code § 684.4)

39. Plaintiff incorporates all allegations in this Complaint as if fully set forth here.

40. The Transfer to JCSI constitutes a transfer of the Debtor's property in exchange for which the Debtor did not receive a reasonably equivalent value.

41. At the time of the Transfer:

    a) JCSI, the recipient of the Transfer, was an insider of Debtor;

    b) Upon information and belief, JCSI and ICASC had raised claims and/or threatened suit related to Debtor's involvement with the Steindler ASC before the Transfer occurred;

7

    c) The value of the consideration Debtor received was not reasonably equivalent to the value of the property transferred or the amount of the obligation incurred;

    d) Upon information and belief, Debtor was insolvent or became insolvent shortly after the Transfer was made or the obligation was incurred;

    e) The Transfer occurred shortly before or shortly after Debtor incurred a substantial debt, in the form of JCSI and ICASC's legal claims;

    f) Debtor was engaged, or about to engage, in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

42. The Transfer constitutes a transaction that is voidable and recoverable by the Liquidation Trust, on behalf of the Debtor and the bankruptcy estate, under Iowa Code § 684.4.

## VI. RELIEF SOUGHT

WHEREFORE, the Liquidation Trust respectfully requests that the Court enter judgment in favor of the Liquidation Trust, and against JCSI as follows:

    A. On Count I of the Complaint, for a determination that the Transfer constituted a fraudulent conveyance and transfer under Section 548 of the Bankruptcy Code and that the Liquidation Trust is entitled to recover the Transfer from JCSI in an amount to be determined at trial under Section 550 of the Bankruptcy Code.

    B. On Count II of the Complaint, for a determination that the Transfer constitutes a voidable transaction under Iowa Code Section 684 and that Section 684 entitles the Liquidation Trust to recover the Transfer from JCSI in an amount to be determined at trial;

8

C.  An award of pre- and post-judgment interest on the judgment amount to the fullest extent permitted by law; and

D.  Any other relief deemed just and equitable in the premises.

Respectfully submitted,

DAY RETTIG MARTIN, P.C.

/s/ Paula L. Roby
Paula L. Roby    AT0006749
PO Box 2877
Cedar Rapids, Iowa   52406-2877
Telephone: (319) 365-0437
FAX: (319) 365-5866
E-mail: paula@drpjlaw.com
ATTORNEY FOR LIQUIDATING TRUSTEE

HANSEN, McCLINTOCK & RILEY

/s/ Alexander E. Wonio
ALEXANDER E. WONIO  AT0008559
awonio@hmrlawfirm.com
Fifth Floor – U.S. Bank Building
520 Walnut Street
Des Moines, Iowa  50309-4119
Telephone: (515) 244-2141
Facsimile:   (515) 244-2931
ATTORNEY FOR LIQUIDATING TRUSTEE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of February 2025, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system and served electronically on those participants that receive service through the CM/ECF System. The undersigned further certifies the foregoing document was sent to persons or representatives via electronic mail or U.S. Mail postage pre-paid as set forth below.

Signed: /s/ Ashley N. Sharp